UNITED STATES COURT OF APPEALS
FOR THE TENTH CIRCUIT

BARRY MORPHEW,

v.                                                          Case No. 24-1424

CHAFFEE COUNTY, COLORADO ET. AL.

**Motion to Stay Appeal Pending District Court's Ruling
on a Motion for Indicative Ruling**

Mr. Morphew, through counsel, respectfully requests that this Court STAY this appeal so that Mr. Morphew may obtain an indicative ruling from the District Court on his Motion to Amend the Complaint. Because opposing counsel have expressed strong opposition to the notion of an Amended Complaint, undersigned counsel are confident they would oppose the relief requested herein.

This appeal concerns the District Court's dismissal of Mr. Morphew's 28 U.S.C. §1983 civil rights complaint in which he seeks redress for violation of his civil rights. Mr. Morphew voluntarily dismissed several defendants in the District Court. The District Court granted the motions to dismiss filed by the remaining defendants. In the litigation, Mr. Morphew had requested that the Court permit amendment, but the Court did not rule on that request. Mr. Morphew filed this appeal. Mr. Morphew does not wish to abandon this appeal; however, if the district court permits filing of an Amended Complaint, there will be no need for this appeal and it would be voluntarily withdrawn.

Plaintiff-Appellant believes it is in the interests of judicial economy for the parties and this Court to learn whether the District Court will permit filing of an Amended Complaint. In the

proposed Amended Complaint, the number of defendants is reduced, several claims for relief have been omitted, and the claims that remain have been better articulated to address the deficiencies in the factual allegations found by the district court with respect to the original Complaint.

In accordance with Rule 62.1 of the Federal Rules of Civil Procedure, Mr. Morphew is filing with the district court a Motion for an Indicative Ruling on his Motion to Amend the Complaint pursuant to Rule 15 of the Federal Rules of Civil Procedure.

Rule 62.1 provides that, while an appeal is pending in this Court, a party may file in the District Court a motion for indicative relief:

> **(a) Relief Pending Appeal.** If a timely motion is made for relief that the court lacks authority to grant because of an appeal that has been docketed and is pending, the court may:
>
> **(1)** defer considering the motion;
>
> **(2)** deny the motion; or
>
> **(3)** state either that it would grant the motion if the court of appeals remands for that purpose or that the motion raises a substantial issue.
>
> **(b) Notice to the Court of Appeals.** The movant must promptly notify the circuit clerk under Federal Rule of Appellate Procedure 12.1 if the district court states that it would grant the motion or that the motion raises a substantial issue.

Rule 12.1 of the Rules of Appellate Procedure provides the procedure Mr. Morphew seeks to employ:

> **(a) Notice to the Court of Appeals.** If a timely motion is made in the district court for relief that it lacks authority to grant because of an appeal that has been docketed and is pending, the movant must promptly notify the circuit clerk if the district court states either that it would grant the motion or that the motion raises a substantial issue.
>
> **(b) Remand After an Indicative Ruling.** If the district court states that it would grant the motion or that the motion raises a substantial issue, the court of appeals may remand for further proceedings but retains jurisdiction unless it

> expressly dismisses the appeal. If the court of appeals remands but retains jurisdiction, the parties must promptly notify the circuit clerk when the district court has decided the motion on remand.

As the Advisory Committee notes to the Rule's 2009 adoption explain, "If the district court states that it would grant the motion or that the motion raises a substantial issue, the movant may ask the court of appeals to remand so that the district court can make its final ruling on the motion." FRAP Rule 12.1, Advisory Committee Notes to the 2009 Adoption.

The Advisory Committee explains the wisdom of the limited remand procedure it calls "the preferred course": It permits a remand "for the sole purpose of ruling on the motion while retaining jurisdiction to proceed with the appeal after the district court rules on the motion (if the appeal is not moot at that point and if any party wishes to proceed)." *Ibid.*

Briefing has not yet commenced in this case. The transcript of the motions hearing has not been ordered. The fact that this case is in an early stage militates for granting of a brief stay in the appellate proceedings to give the District Court time to rule whether the motion to amend presents a substantial issue or that he would grant it if the case were remanded. Granting a stay and, if requested, a limited remand without prejudice to this appeal will not alter the rights of any parties presently before this Court.

Mr. Morphew agrees to provide status reports as ordered by this Court.

WHEREFORE, Mr. Morphew requests that this Court STAY the appellate proceedings to enable the District Court to enter an indicative ruling on Mr. Morphew's motion to amend his civil rights complaint.

3

Respectfully submitted this 4th day of December, 2024.

FISHER & BYRIALSEN, P.L.L.C.

*/s/Jane Fisher-Byrialsen*
Jane Fisher-Byrialsen, Esq.
4600 S. Syracuse Street, 9th Floor
Denver, Colorado 80237
Telephone: 303-256-6345
E-Mail: Jane@FBLaw.org

SAMLER AND WHITSON, PC

*/s/ Hollis Whitson*
Hollis Whitson
Eric Samler
Samler and Whitson, PC
1600 Stout Street, Suite 140
Denver, CO 80202
Telephone: (303) 670-0575
E-Mail: Hollis@SamlerandWhitson.com

EYTAN LAW

*/s/ Iris Eytan*
Iris Eytan
Eytan Law
2701 Lawrence St, Ste 108
Denver, CO 80205
Telephone: (720) 440-8155
E-Mail: iris@eytanlawfirm.com

*Attorneys for Plaintiff-Appellant Barry Morphew*

CERTIFICATE OF SERVICE

    I HEREBY CERTIFY that a true and correct copy of the foregoing motion was electronically filed on December 4, 2024, using the CM/ECF system and served on all counsel of record. Additionally, email service was provided to all counsel of record.

/s/*Abby Clement*
Paralegal