UNITED STATES COURT OF APPEALS
FOR THE TENTH CIRCUIT

BARRY MORPHEW,

v.                                                          Case No. 24-1424

CHAFFEE COUNTY, COLORADO ET. AL.

---

**Reply to Defendants-Appellees' Response to Plaintiff's Motion to Stay Appeal Pending District Court's Ruling
on a Motion for Indicative Ruling**

---

      Mr. Morphew, through counsel, respectfully files this Reply to Defendants-Appellees' Response to Plaintiff-Appellant's Motion to Stay Appeal Pending the District Court's Ruling on the Motion for Indicative Ruling.

      The Appellee's objection does not address the stay-and-abey question. Appellees offer no reason they would be prejudiced by an order abating this appeal for the purpose of allowing the district court to issue an indicative ruling. Instead, they address the underling motions filed in the district court. As a threshold matter, this Court should reject Appellees' arguments because they are not germane to whether this Court should abate the appeal to permit the district court to consider the matter and issue its indicative ruling. Appellees should direct their arguments to that court.

Neither of the cases cited by the Defendants-Appellees concerned facts pertinent here. Here, the district court entered a dismissal without prejudice and a timely appeal was filed.

Neither *Roose v. Patrick*, 98 F. App'x 719 (10th Cir. 2004) nor the case it cites (*Seymour v. Thornton*, 79 F.3d 980, 987 (10th Cir.1996)) concern a motion filed under Fed. R. Civ. P. 62.1 or a motion filed under FRAP 12.1. Neither concern a motion to abate an appeal. In *Roose,* the Plaintiff did not appeal either of the two orders of dismissal the district court had entered (on March 31, 2003 and April 11, 2003).

Appellees misunderstand the purpose of an indicative order. For an indicative ruling, the district court need not reopen the case, and the district court does not re-assume full jurisdiction. While a motion for an indicative ruling and motion to stay can be accompanied by a Rule 60(b) motion, neither Fed. R. Civ. P. 62.1(b), F.R.A.P. 12.1(a) condition an indicative ruling on such a motion and neither rule dictates in what order filing of the motions must occur.

"Courts are split as to whether a party seeking a ruling under Rule 62.1 must also file an accompanying predicate motion that the district court lacks authority to grant." *Est. of Najera-Aguirre v. County of Riverside*, 2020 WL 5370618, at *1 (C.D. Cal. Aug. 13, 2020). Some courts accept a "'freestanding' Rule 62.1(a)

2

motion if the moving party sufficiently states the merits of its substantive argument in its briefs." *Index Newspapers LLC v. City of Portland*, No. 3:20-CV-1035-SI, 2022 WL 72124, at *1 (D. Or. Jan. 7, 2022) (collecting cases and granting the request for an indicative ruling). See also *In re Zantac (Ranitidine) Prods. Liab. Litig.*, No. 20-MD-2924, 2023 WL 2325536, at *4 (S.D. Fla. Mar. 2, 2023), in which the Court rejected the argument Appellees make here:

> Regarding Plaintiffs' argument that Defendants failed to file a motion under Federal Rule of Civil Procedure 60(b)(6) or another predicate motion to trigger Rule 62.1, it is clear that the Retailer Defendants plainly seek summary judgment under Rule 56(f) and relief from judgment under Rule 60(b). [record cite] Even if they did not file a predicate motion, courts frequently construe a motion for an indicative ruling as an underlying motion.

In *Index Newspapers LLC v. Portland*, the movants filed only the motion for indicative ruling, without having filed any predicate motion with the court. The court construed the motion for indicative ruling as a motion to dissolve the preliminary injunction (for which the Court did not have jurisdiction because of the pending appeal) and issued an indicative ruling that the Court would grant the motion to dissolve if the Ninth Circuit were to remand for that purpose. The Court observed that in numerous court decisions, the district courts did not require the predicate motion to have been filed. *Id.*, at *2 (citing *Est. of Najera-Aguirre*, 2020 WL 5370618, at *1 ("Because Defendants' Rule 62.1(a) motion sufficiently sets

3

forth the merits of their arguments to reconsider the Court's denial of summary judgment, the Court declines to deny Defendants' motion for an indicative ruling merely because they failed to file a separate motion for reconsideration."); *Lawson v. Grubhub, Inc.*, 2018 WL 6190316, at *2 (N.D. Cal. Nov. 28, 2018) ("Plaintiff, however, has not made a formal Rule 60(b)(6) motion; instead, he asks, in effect, for the Court to indicate what it would do if Plaintiff filed a Rule 60(b)(6) motion. Nonetheless, rather than deny Plaintiff's motion for this procedural defect, the Court will construe it as a Rule 60(b)(6) motion which this Court does not have jurisdiction to decide because of the pending appeal."); *Metalcraft of Mayville, Inc. v. Toro Co.*, 2016 WL 8737777, at *2 (E.D. Wis. Nov. 18, 2016) ("I find that defendants' motion is procedurally sufficient. It requests relief that I cannot currently grant because of defendants' pending appeal and asks, instead, that I grant an indicative ruling under Rule 62.1. It is clear to me (and seems to be clear to the parties) what underlying relief defendants are requesting; the basis for their request; and why, under the circumstances, I lack the authority to grant that relief."); *Gorrell v. Haynes*, 2013 WL 174561, at *1 n. 1 (S.D. Ga. Jan. 16, 2013) ("The Court will consider Gorrell's Motion for Indicative Ruling filed pursuant to Rule 62.1 as if Gorrell had filed a motion to vacate the judgment pursuant to Rule 60(b) because Gorrell makes arguments in support of a Rule 60(b) motion in the

instant Motion."); *Howard v. Cook Cnty. Sheriff's Off.*, No. 17 C 8146, 2020 WL 1445620, at *3 (N.D. Ill. Mar. 25, 2020)("Although the plaintiffs have not filed a separate motion in this regard, their motion under Rule 62.1 makes clear their underlying request and the basis for the relief they seek….").

This logic applies here. The relief Mr. Morphew seeks in the district court is clear. Mr. Morphew has made persuasive arguments in the district court filings (both in his motion to amend and his motion for indicative ruling). He did not file a "freestanding" Rule 62.1 motion. It is clear what he seeks. The prerequisites for the indicative ruling have been met.

Appellees seem to suggest that Mr. Morphew should have foregone filing an appeal if he wanted to amend the complaint. That defeats the purpose of the indicative ruling process and illustrates the concern that litigants do not use Rule 60(b) to circumvent the appellate deadlines in Appellate Rule 4. For example, when a Rule 60(b) motion is premised on claimed legal errors that could have been corrected on appeal, courts have looked to ensure that the appellant did file a timely appeal to avoid using Rule 60(b) to supplant an appeal where the Appellant missed the appeal deadline. See e.g., *Mendez v. Republic Bank*, 725 F.3d 651, 659 (7th Cir. 2013) (Rule 60(b) should not be used to evade the deadline to file a timely appeal.). In *Mendez v. Republic Bank*, the Seventh Circuit observed that because an

appeal had been filed, "neither Republic Bank nor the district court was trying an end run around the deadline for filing an appeal, and the parties were not operating under the assumption that the dispute had come to an end." *Id.*, at 661. Mr. Morphew is not trying to run an "end run" around the deadline for filing an appeal. Because he filed an appeal, none of the parties would have had a legitimate belief that the dispute was at an end. And the indicative ruling/stay-and-abey process is well suited to determine how to best serve judicial economy and ultimately, minimize delay for all the parties. See *Howard v. Cook Cnty. Sheriff's Off.*, *supra,* 2020 WL 1445620, at *3 ("the purposes of Rule 62.1 include conserving judicial resources and avoiding unnecessary appeals").

     Mr. Morphew believes that a Rule 60(b) motion need not filed until the district court issues its indicative ruling about what it would do on the motion to amend. The district court can, of course, construe the motion for indicative ruling and motion to amend as a motion under Rule 60(b).[1] However, in an abundance of caution, Mr. Morphew has prepared a Rule 60(b) motion and will file it in the district court to accompany the motion to amend as soon as counsel confer with opposing counsel. That does not impact the request for abatement in this court.

---

[1] *See Index Newspapers LLC v. City of Portland*, *supra* and cases cited therein.

That would be part of what the district court would consider in ruling on the motion for indicative ruling.

WHEREFORE, Mr. Morphew asks this Court to reject the Appellees' arguments and issue a stay-and-abey order so that the District Court can take up the motions filed by Mr. Morphew in the district court.

Respectfully submitted this 20th day of December, 2024.

FISHER & BYRIALSEN, P.L.L.C.

*/s/Jane Fisher-Byrialsen*
Jane Fisher-Byrialsen, Esq.
4600 S. Syracuse Street, 9th Floor
Denver, Colorado 80237
Telephone: 303-256-6345
E-Mail: Jane@FBLaw.org

SAMLER AND WHITSON, PC

*/s/ Hollis Whitson*
Hollis Whitson
Eric Samler
Samler and Whitson, PC
1600 Stout Street, Suite 140
Denver, CO 80202
Telephone: (303) 670-0575
E-Mail: Hollis@SamlerandWhitson.com

EYTAN LAW

*/s/ Iris Eytan*
Iris Eytan
Eytan Law
2701 Lawrence St, Ste 108

>Denver, CO 80205
>Telephone: (720) 440-8155
>E-Mail: iris@eytanlawfirm.com
>
>*Attorneys for Plaintiff-Appellant Barry Morphew*

<u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that a true and correct copy of the foregoing Reply was electronically filed on December 20, 2024, using the CM/ECF system and served on all counsel of record. Additionally, email service was provided to all counsel of record.

>/s/*Abby Clement*
>Paralegal