# UNITED STATES COURT OF APPEALS
## FOR THE TENTH CIRCUIT

**BARRY MORPHEW,**

*Plaintiff/Appellant,*

v.

**CHAFFEE COUNTY, COLORADO** et al.,

*Defendants/Appellees*,

**Case No. 24-1424**

---

On Appeal from the United States District Court for the District of Colorado
The Honorable Judge Daniel D. Domenico
District Court Civil Action No. No. 1:23-CV-01108-DDD-JPO

---

# REPLY BRIEF OF APPELLANT

---

FISHER & BYRIALSEN, P.L.L.C.

*/s/Jane Fisher-Byrialsen*
Jane Fisher-Byrialsen, Esq.
4600 S. Syracuse Street, 9th Floor
Denver, Colorado 80237
Telephone: 303-256-6345
Jane@FBLaw.org

SAMLER AND WHITSON, PC

*/s/ Hollis Whitson*
Hollis Whitson, Esq.
1600 Stout Street, Suite 1400
Denver, Colorado  80202
Telephone:  303-670-0575
Hollis@SamlerandWhitson.com

*Counsel for Appellant Barry Morphew*

# TABLE OF CONTENTS

TABLE OF AUTHORITIES......................................................................................i

I.      Standards........................................................................................1

II.     Probable Cause ..............................................................................2

        A.    Probable cause is a jury issue in this case ...........................2

        B.    The corrected affidavit does not establish probable cause..................2

        C.    All claims cannot be swept into the "probable cause basket." ...........8

III.    Liability of specific defendants .....................................................9

        A.    Plaintiff sufficiently alleged personal participation ...........................9

        B.    Plaintiff sufficiently alleged liability of non-prosecutor defendants 12

        C.    The allegations about Defendant Himschoot were sufficient ...........13

IV.     Liability for specific claims.........................................................13

        A.    Plaintiff sufficiently alleged a conspiracy to fabricate evidence, to
              violate the Warrant Clause (*Franks v. Delaware* claim) and to
              maliciously prosecute......................................................13

        B.    Plaintiff sufficiently alleged Reckless Investigation and Failure to
              Intervene.......................................................................15

        C.    Plaintiff sufficiently alleged municipal liability................................15

V.      Defendants are not entitled to Qualified Immunity on the theory of "arguable
        probable cause" ..........................................................................15

VI.     Absolute immunity does not apply to the prosecutor's administrative and
        investigatory functions ................................................................17

VII.   This Court should not apply the Doctrines of Qualified and Absolute Immunity.........................................................................................18

VIII.  Plaintiff's state law claims.............................................................18

CONCLUSION .................................................................................19

CERTIFICATE OF COMPLIANCE WITH WORD VOLUME LIMITATIONS...20

CERTIFICATE OF DIGITAL SUBMISSION ..........................................20

CERTIFICATE OF SERVICE ...............................................................20

# TABLE OF AUTHORITIES

## CASES

*Ashcroft v. Iqbal*, 566 U.S. 662, 678 (2009) ............................................................1, 10

*Ashley v. City of N.Y.*, 992 F.3d 128, 139 (2d Cir. 2021) ..........................................8

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007) ............................................13

*Bledsoe v. Carreno*, 53 F.4th 589 (10th Cir. 2022) ............................................11, 18

*Bruner v. Baker,* 506 F.3d 1021, 1028 (10th Cir. 2007) .............................................2

*Buckley v. Fitzsimmons*, 509 U.S. 259, 273 (1993) ...................................................18

*Burns v. Reed*, 500 U.S. 478, 486 (1991) ..................................................................18

*Calvert v. Ediger*, 415 F. App'x 80, 81 (10th Cir. 2011) .........................................12

*DeLoach v. Bevers,* 922 F.2d 618, 623 (10th Cir.1990) ............................................2

*Easton v. City of Boulder*, 776 F.2d 1441, 1446 (10th Cir. 1985) ...........................2

*Franks v. Delaware,* 438 U.S. 154, 155–56 (1978) ........................................... 13-14

*Frost v. N.Y. City Police Dep't*, 980 F.3d 231, 248 (2d Cir. 2020) ..........................9

*Gee v. Pacheco*, 627 F.3d 1178, 1183 (10th Circ. 2010) .........................................14

*Harris v. Tioga Cnty.*, 663 F.Supp.3d 212, 240 (N.D.N.Y. Mar. 23, 2023), *appeal dismissed*, No. 23-503, 2024 WL 4179651 (2d Cir. Sept. 13, 2024) ........ 8, 9, 17-18

*Hill v. City of New York,* 45 F.3d 653, 662 (2d Cir. 1995) .....................................17

*Hincapie v. City of New York*, 434 F. Supp. 3d 61, 74 (S.D.N.Y. 2020) ..................2

*Jorgenson v. Montgomery,* No. 06-cv-853-MSK-BNB, 2008 WL 216398 (D. Colo. 1/24-2008) . .......................................................................................................14

*Karr v. Smith*, 774 F.2d 1029, 1031 (10th Cir. 1985) ................................................2

*Kerns v. Bader*, 663 F.3d 1173 (10th Cir. 2011) ......................................................8

*Khalik v. United Air Lines*, 671 F.3d 1188, 1190-91 (10th Cir. 2012) ...................10

*McGhee v. Pottawattamie County*, 547 F.3d 922, 933 (8th Cir. 2008) ..................17

*Milstein v. Cooley*, 257 F.3d 1004, 1011 (9th Cir. 2001) .......................................17

*Monell v. Department of Social Services*, 436 U.S. 658, 690 (1978) .....................15

*Rainsberger v. Benner*, 913 F.3d 640, 652 (7th Cir. 2019) ................................4, 16

*Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) ...............................10

*Salter v. Olsen*, 605 F. Supp. 3d 987, 1001 (E.D. Mich. 2022), *aff'd in part, detective's appeal dismissed in part sub nom. Salter v. City of Detroit*, 133 F.4th 527 (6th Cir. 2025) ......... .......................................................................................................8

*Snell v. Tunnell*, 920 F.2d 673, 702 (10th Cir. 1990) .............................................14

*Thompson v. City of Shawnee*, No. 11–6051, 464 F.App'x 720 (10th Cir. 2012)) ....2

*Walczyk v. Rio*, 496 F.3d 139, 166 (2d Cir. 2007) (Sotomayor, J., concurring) ......16

## CONSTITUTION, STATUTES AND RULES

42 U.S.C. §1983 ...............................................................................................16, 19

Fed. R. Civ. P. 12(b)(6) ..................................................................................... 1-2

## OTHER AUTHORITY

Tal J. Lifshitz, "Arguable Probable Cause": An Unwarranted Approach to Qualified Immunity, 65 U. Miami L. Rev. 1159, 1189 (2011) ........................................12, 16

David Rudovsky, Running in Place: The Paradox of Expanding Rights and Restricted Remedies, 2005 U. Ill. L. Rev. 1199, 1217-26 (2005) ..........................16

Appellees repeat the district court's mistake by resolving ambiguities and drawing inferences against the injured party, Mr. Morphew. They treat Mr. Morphew's complaint as though it is devoid of detail, legal substance, or factual support. But just like the prosecution they orchestrated against him, that portrayal collapses under scrutiny. The Complaint describes in vivid, well-supported terms how the police and prosecutor defendants planned and coordinated a baseless prosecution – including fabrication of evidence, omission of material exculpatory evidence from the arrest affidavit, and inclusion therein of false and misleading information. Mr. Morphew has met his burden at this stage: the Complaint gives each defendant clear notice of the constitutional violations alleged against them and the specific role they played in causing them. This Court should reject the defendants' arguments and reverse the district court's dismissal of the Complaint.

## I.      Standards

The defendants overlook the significance of the standards for evaluating a motion under Rule 12(b)(6). The court must accept all factual allegations as true and draw all reasonable inferences in the plaintiff's favor, no matter how skeptical it may be, except where the claims are "sufficiently fantastic to defy reality as we know it." *Ashcroft v. Iqbal*, 566 U.S. 662, 696 (2009).

## II.    Probable cause

**A.   Probable cause is a jury issue in this case.**

In the Opening Brief, Mr. Morphew pointed out that the district court relied upon cases decided only after discovery was complete, during trial, or after trial. (OB, 16-17, citing App., Vol. 4, p. 847). See *Karr v. Smith*, 774 F.2d 1029, 1031 (10th Cir. 1985); *DeLoach v. Bevers,* 922 F.2d 618, 623 (10th Cir.1990) ("*DeLoach*"); *Easton v. City of Boulder*, 776 F.2d 1441, 1446 (10th Cir. 1985). *Bruner v. Baker,* 506 F.3d 1021, 1028 (10th Cir. 2007) concerned a summary judgment ruling. None involved a Rule 12(b)(6) motion to dismiss.

The Answer Brief does not dispute Mr. Morphew's observation.  The Answer Brief merely adds another case decided after discovery at the summary judgment stage. (AB, 13, citing *Thompson v. City of Shawnee*, No. 11–6051, 464 F.App'x 720 (10th Cir. 2012)).  With respect to probable cause, "[t]he relevant burden is not the same[.]" *Hincapie v. City of New York*, 434 F. Supp. 3d 61, 74 (S.D.N.Y. 2020).

Defendants do not respond to Mr. Morphew's argument that the weight a neutral magistrate would have given such information is a question for the finder of fact.  Viewed in the light most favorable to Mr. Morphew, probable cause is a debatable issue in this case that cannot be disposed of on a motion to dismiss.

**B.    The corrected affidavit does not establish probable cause.**

The Answer Brief does not present any cases holding that the items it lists

(AB, pp. 16-18), individually or collectively, amount to probable cause. It does not respond to the caselaw cited by Mr. Morphew holding that such items (in isolation or collectively) do not amount to probable cause. Nor does it juxtapose its list with the impact of the omitted exculpatory evidence.

Most of the items on the Answer Brief's list were addressed in the Opening Brief, but the Answer Brief does not respond. The Answer Brief list items (AB 16-18) individually and collectively fail to establish probable cause:

- Hypothesis that Suzanne's bike was thrown down to where it was found, suggesting it did not crash (AB 16): That someone threw the bike where it was found does nothing to establish probable cause that Mr. Morphew was the person who disposed of the bike. Appellees do not address the fact that a scent dog detected Suzanne's scent trail leading from the bike, see *Complaint*, App. I, pp. 39 ¶¶ 71-73, pp. 107-109 ¶¶ 497-511. The Complaint's allegations are more than sufficient to survive a motion to dismiss. See *Complaint*, App. I, pp. 58-60 ¶¶ 198-213.

- People said the two had been arguing and Suzanne had told someone she was thinking about separating (AB 17): This does not establish probable cause, alone or combined with other allegations.

- Suzanne was unhappy in the marriage and had put a "grievance list" on her phone (AB 17): The notion that Suzanne was unhappy in the marriage is

discussed in the Opening Brief (OB 18). Appellees do not respond. This is not probable cause.

- Suzanne had been having an affair (AB 17): This is discussed in the Opening Brief (OB 18-19). Appellees do not respond to the OB. It is clear Mr. Morphew did not know about the affair until after Suzanne disappeared, when law enforcement told him. *See* Complaint, App. Vol. 1, pp. 123-127, ¶¶ 603-642.

- Mr. Morphew drove himself to the Broomfield job instead of carpooling with a co-worker (AB 17): This was discussed in the Opening Brief (OB 19). The AB makes no response. *See Complaint*, App. Vol. 1, pp. 100-102, ¶¶ 441-455.

- Mr. Morphew discarded trash "near a hotel and McDonalds" (AB 17): The trash discarded at the McDonald's was mentioned by the district court and addressed in the OB (OB 19-20). The AB does not respond. The AB now adds the Affidavit's mention that Mr. Morphew threw out trash at "a hotel," (AB 17), but the AB fails to note that it was at the hotel where Mr. Morphew was staying with all his construction materials. The AB makes no argument why disposing of trash in broad daylight in a public place, obviously in the view of surveillance cameras in the parking lot, would be probable cause. *Cf. Rainsberger v. Benner*, 913 F.3d at 646 (finding

plaintiff's throwing away trash in a public trash can didn't contribute to probable cause) (cited in OB 20).

- Liquidation of assets (AB 17): This is discussed in the Opening Brief (OB 23). Appellees do not respond to the OB. *See* Complaint, App. Vol. 1, pp. 165-166, ¶¶ 892, 895.

- Morphew gave inconsistent statements (AB 17-18): This is discussed in the Opening Brief (OB 23). Appellees do not respond to the OB. *See Complaint*, App. Vol. 1, pp. 137-138, 180 ¶¶ 709-18, 947.

- Morphew "said" he took a "route in the direction of the location" where her helmet was found (AB 18). It was not a change in "route" as the AB states; Mr. Morphew explained he was looking for an elk herd's trail. See *Arrest Affidavit*, App. 2 pp. 210, 215 n. 10, 281-282, 283, 286, 288-290, 292, 315. It wasn't a "route" to Broomfield. He explained he turned around and then went to Broomfield. This issue was addressed in *Complaint*, App. 1, pp. 119, ¶¶ 579-580. The so-called "change in route" was falsely used in the Arrest Affidavit to explain "missing mileage" on Mr. Morphew's truck. See *Arrest Affidavit*, App. 2 pp. 281, 286. But as the Complaint alleges, the "missing miles" were 18 miles, not 14 miles, and "[t]he Arrest Affidavit failed to include the fact that, on May 9, 2020, in the afternoon, Barry had driven to and from Salida Stove and Spa, a local

business, which accounts for the so-called "missing" miles. *Complaint*, App. 1, pp. 110, ¶ 517. Defendants Graham, Walker, and Cahill had confirmed impartial witnesses that Barry had traveled to Salida Stove and Spa on May 9, 2020 in the afternoon. Yet the defendants who authored the arrest affidavit did not include these facts and left the misleading impression that there were 18 miles *unaccounted-for* on Barry's truck with the inference that he must have been engaged in criminal activity. *Complaint*, App. 1, pp. 110-112, ¶¶ 512-525.

The Answer Brief characterizes Mr. Morphew's response to the District Court's list as amounting to a credibility assessment. (AB 18-19). That is inaccurate. As an example, consider the district court's observation the Affidavit alleged Mr. Morphew was "liquidating" assets. That was simply not true. (See OB at 23). He closed on the sale of their Indiana property, but the authors of the search warrant omitted the fact that the Morphew's were already under contract to sell that property. See *Complaint,* App. 1, pp. 165-166 ¶¶ 892, 895. This is not a matter of credibility of the information; it is an example of a material exculpatory fact that were omitted while misleading, false information was included.

The Answer Brief relies on the District Court's belief that the state court judge found probable cause at the preliminary hearing even though he had some

information about CODIS hits that were undisclosed in the Affidavit. (AB 19).[1] Far more than that was omitted about the DNA. See e.g., *Complaint*, App. 1, pp. 59-61 ¶¶ 199-213, p. 52 ¶ 159. The Complaint alleges that the omissions were not merely an oversight. For example, during the extended preliminary hearing, Defendants Lindsey and Duge were actively conspiring to keep some results unrevealed even after some officer defendants expressed concern about it. See e.g., *Complaint*, App. 1, pp. 159-160 ¶¶ 853-857.

The Answer Brief also ignores the Complaint's allegations about the breadth and depth of the false and misleading statements and omitted information. It wasn't limited to the omitted DNA information or even to the omitted CODIS matches. For example, the false pinpoint map was front-and-center at the preliminary hearing. See e.g., *id*, pp. 59-61 ¶¶ 199-213.

The findings at the preliminary hearing were weak at best because the judge also found there the proof was not "evident" or the presumption great and set bond for Mr. Morphew. See *id*, p. 52 ¶ 159. Mr. Morphew has sufficiently alleged that had false and fabricated information not been provided and omitted information been included, there would not have been probable for issuance of the arrest warrant.

---

[1] The AB miscites the record. It appears Appellees meant to cite either v. IV, p. 848 n. 7 or V. I, p. 154 ¶ 821.

**C.    All claims cannot be swept into the "probable cause basket."**

As the district court did, the Answer Brief tries to sweep all the claims into the probable cause basket. (AB 21-22) Mr. Morphew anticipated this argument and explained in the Opening Brief why it is too simplistic and not accurate. (OB, 12-13). The AB cites *Kerns v. Bader*, 663 F.3d 1173 (10th Cir. 2011) but does not respond to Mr. Morphew's discussion of that case. The pertinent claims in *Kerns v. Bader* were false arrest, false imprisonment, and malicious prosecution. Those are not the sole claims in the Complaint.

The claim that fabricated evidence was knowingly created and amounted to manufactured probable cause for Plaintiff's arrest and use at the preliminary hearing and/or trial does not depend upon a finding of a lack of probable cause. See discussion, *Salter v. Olsen*, 605 F. Supp. 3d 987, 1001 (E.D. Mich. 2022), *aff'd in part, detective's appeal dismissed in part sub nom. Salter v. City of Detroit*, 133 F.4th 527 (6th Cir. 2025). "To succeed on a fabricated-evidence claim, a plaintiff must establish that an (1) investigating official, (2) fabricated information, (3) that is likely to influence a jury's verdict, (4) forwarded that information to prosecutors, and (5) the plaintiff suffered a deprivation of life, liberty, or property as a result." *Harris v. Tioga Cnty.*, 663 F. Supp. 3d 212, 241–242 (N.D.N.Y. 2023), *appeal dismissed*, No. 23-503, 2024 WL 4179651 (2d Cir. Sept. 13, 2024) (quoting *Ashley v. City of N.Y.*, 992 F.3d 128, 139 (2d Cir. 2021) ("cleaned up" by *Harris* Court).

Probable cause is not a defense when the fabricated evidence is used in an affidavit or in court at a preliminary hearing and the plaintiff suffers harm. ("Importantly, 'probable cause is not a defense to a fair trial claim based on the fabrication of evidence.'" *Harris*, at 242 (quoting *Frost v. N.Y. City Police Dep't*, 980 F.3d 231, 248 (2d Cir. 2020)).

### III. Liability of specific defendants

### A. Plaintiff sufficiently alleged personal participation

Appellees sweep with a broad brush in stating that nowhere does the Complaint why individual defendants are included in the collective groupings. That is inaccurate. *Complaint*, App. 1, pp. 27-35.

Appellees seem to assume that the entire Complaint must be dismissed if the allegations against any particular defendant are not sufficiently spelled out. That is incorrect. Even if allegations against one defendant are not sufficient, that does not render the entire complaint subject to dismissal as against all the other defendants. Defendants cite no authority for that proposition.

Morphew alleges that the Arrest Affidavit was authored by "Defendant Walker, Defendant Prosecutors Stanley and Lindsey; Defendant CBI Agents Cahill and Lewis; Defendant Officers Rohrich, Spezze, and Graham; Defendant FBI Agents Grusing and Harris**,** and other Defendants and co-conspirators whose identities are not known to Mr. Morphew at this time[.]" *Complaint*, App. 1, p. 49,

¶ 140. These allegations must be taken as true. The possibility that some of the defendants, in their Answer to the Complaint, may deny this allegation does not defeat the Complaint at this stage of the proceedings. (See Standards, OB pp. 10-11). See *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) ("Plausible" does not mean likely to be true.); *Ashcroft v. Iqbal*, *supra,* 566 U.S. at 678. Fair notice, not "specific facts" are all that is required at this stage. *Khalik v. United Air Lines*, 671 F.3d 1188, 1191 (10th Cir. 2012).

Using the same example the Answer Brief uses – defendants who authored the arrest warrant – the allegations are quite clear. Walker is specifically alleged to have signed it. *Complaint*, App. 1, p. 49, ¶¶ 140-141. There is therefore no ambiguity as to him: every allegation about "defendants who authored the arrest warrant" amply puts Walker on notice that he is included in those allegations about his conduct. *E.g. Complaint*, App. 1, p. 58 ¶¶ 194, 197, p. 62, ¶¶ 217-218, p. 65 ¶¶ 234-236, p. 68 ¶ 245, p. 71 ¶¶ 261-264, pp. 76-77 ¶¶ 290-300, pp. 79-81, ¶¶ 312-323, p. 89, ¶¶365-370, p. 94 ¶¶ 402-404, pp. 96-97 ¶¶ 414-416. The others are alleged to have done more than merely "review" it; they were in every sense of the word co-authors. See *Complaint*, App. 1, p. 50 ¶ 145. They are frequently identified by name as to specific knowledge and conduct. E.g. *Complaint*, App. 1, p. 76 ¶ 290 (defendants Cahill, Lindsey, Walker, and Stanley), p. 81 ¶¶ 324-329 (same), p. 87 ¶ 357, p. 90 ¶ 374 (same), p. 99 ¶ 434 (same). The alleged conduct is grouped and

clearly labelled throughout the Complaint.

In *Bledsoe*, the issue was whether the Count headings failed to give notice. This Court did not prohibit collective references. *Bledsoe v. Carreno*, 53 F.4th 589, 608 (10th Cir. 2022). This Court gave the example that "Bledsoe's allegations under the specific count headings for conspiracy refer generally to 'Defendants' or 'the Defendant Officers' rather than singling out each individual by name. This Court found that allegations elsewhere in the complaint – not in the Count headings – gave sufficient notice of what each defendant was alleged to have done. *Ibid*. The same is true here.

The Answer Brief's concern about the fabrication of evidence claim is unfounded. The heading for Claim Two (Fabrication of evidence) expressly names Defendants Walker, Cahill, Graham, Rohrich and adds one relevant defendant grouping: Defendant Prosecutors. *Complaint*, App. 1, p. 169. This, combined with the specific allegations about the pushpin map, *id.*, pp. 62 ¶¶ 217 (defendants authoring the arrest affidavit), ¶¶ 221, 224-225 (defendant Cahill), p. 64 ¶ 228 (defendants authoring the arrest affidavit), ¶ 230 (defendant prosecutors), p. 65 ¶¶ 234-235 (defendants authoring the arrest affidavit), ¶ 236 (defendants Graham, Rohrich, Lindsey and Walker), p. 66 ¶ 237 (defendant Rohrich), ¶ 239 (defendants Cahill, Graham, Walker, Rohrich, Spezze, Stanley, Lindsey (among others)), p. 67 ¶¶ 240-242 (defendants authoring the arrest affidavit and others unknown at this

time), pp. 67-68 ¶¶ 244-252 (defendants who authored the arrest affidavit). See id., p. 49 ¶ 140 (listing by name defendants included in the shortcut reference, "Defendants authoring the Arrest Affidavit" or "Defendants who authored the Arrest Affidavit."). There is no ambiguity and no grounds to dismiss based on alleged collective allegations.

## B. Plaintiff sufficiently alleged liability of non-prosecutor defendants.

Citing *Calvert v. Ediger*, 415 F. App'x 80, 81 (10th Cir. 2011), Appellees urge this Court should affirm dismissal of the case against all defendants who were not prosecutors because only the prosecutors caused the prosecution. *Calvert v. Ediger* is not, however, a motion to dismiss case. It is a case decided on summary judgment after full discovery. The claim against the probation officer, Jennifer Ediger, was not dismissed. Discovery proceeded. At the summary judgment stage, Ediger prevailed because Calvert did not offer sufficient evidence that the probation officer (rather than the prosecutor) caused the prosecution. *Id*., at 85.

Whether the defendant's actions were instrumental in causing the plaintiff's continued confinement or prosecution is an assessment for the jury based on the evidence presented, or at least, for a judge at the summary judgment stage based on the evidence.

The defendants fail to abide by the standards that apply at this stage. A complaint "does not need detailed factual allegations" but must merely "raise a right

to relief above the speculative level." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007). There need not be every detail, but "enough facts to raise a reasonable expectation that discovery will reveal evidence of [the claims]." *Twombly,* at 556. Mr. Morphew has met these standards and alleged enough to survive the motion to dismiss.

## C.     The allegations about Defendant Himschoot were sufficient.

The Answer Brief adds nothing to what was already said by the district court, which was answered by Plaintiff in the Opening Brief. (OB 45). The complaint sufficiently alleges Himschoot's conduct. It is apparent from the context that Defendant Walker (at least) knew that the item photographed was either not found in the dryer or knew that if it was, it wasn't what the Complaint represented it to be. The allegations are sufficient and the dismissal of the complaint against Himschoot should be reversed.

## IV.    Liability for specific claims

## A.     Plaintiff sufficiently alleged a conspiracy to fabricate evidence, to violate the Warrant Clause (*Franks v. Delaware* claim) and to maliciously prosecute.

Defendants focus their arguments on the claim of conspiracy to commit malicious prosecution but do not address conspiracy to fabricate evidence (i.e., the pushpin map) or conspiracy to commit a Warrant Clause violation by inserting into

the arrest affidavit false and misleading information and to omit material exculpatory material. *Franks v. Delaware*, 438 U.S. 154 (1978).

Appellees' cases are not helpful to them. In *Jorgensen v. Montgomery*, No. 06-cv-853-MSK-BNB, 2008 WL 216398 (D. Colo. 1/24/2008), with far less detailed allegations than Mr. Morphew presents, the plaintiff prevailed on his allegation that the defendants conspired to use excessive force and then cover it up. One defendant prevailed on the conspiracy to commit excessive force claim because he was not present when the force was applied. Here, among other conspiracy claims, Mr. Morphew makes specific allegations against those who authored the arrest affidavit and to the extent known prior to discovery, specifically alleges the role of each. In addition, Morphew has alleged "context implying a meeting of the minds," *Gee v. Pacheco*, 627 F.3d 1178, 1183 (10th Circ. 2010), which is sufficient at this stage. Even at the summary judgment stage, "circumstantial evidence from which a trier of fact could conclude that [the] defendants and others reached an agreement" is sufficient. *Snell v. Tunnell*, 920 F.2d 673, 702 (10th Cir. 1990). Plaintiff's allegations raise his apparent right to relief "above the speculative level," thus satisfying the threshold pleading standard. *Twombly,* at 555.

Defendants suggest the defendants were simply "sharing information." (AB 33, quoting Order, App. v. 4 859-60). This ignores the fact that they were sharing information about how to falsify evidence (e.g., the pushpin map), what material

evidence to omit from the arrest affidavit in the hopes of misleading the judge to issue a warrant without probable cause, what misleading and false information to include in the affidavit, etc. "Sharing information" about how to commit a constitutional violation is the essence of conspiracy.

## B.    Plaintiff sufficiently alleged Reckless Investigation and Failure to Intervene.

Plaintiff relies upon the arguments and citations in the Opening Brief.

## C.    Plaintiff sufficiently alleged municipal liability.

Plaintiff relies upon the arguments and citations in the Opening Brief.

## V.    Defendants are not entitled to Qualified Immunity on the theory of "arguable probable cause."

The Answer Brief does not join the argument about whether "arguable probable cause" is viable or whether (as the district court observed) the law in this area is confusing.  (AB 41 n. 5).  The Answer Brief merely states that the standard is "consistent with the traditional notions of qualified immunity. (*Ibid*). But as Plaintiff explained in the Opening Brief – and as now-Supreme Court Justices Barret and Sotomayor explain in the opinions cited in the Opening Brief -- the doctrine has no place in qualified immunity analysis.

Courts that employ the "arguable probable cause" standard have lost sight of the balance necessary for a functional qualified immunity analysis, consequently

tipping the scales in favor of enabling public officials to act in the fearless manner that § 1983 is designed to prevent. "Arguable probable cause" must therefore give way to a single objective standard of reasonableness consistent not only with Supreme Court directives, but also with fundamental concepts of justice. Tal J. Lifshitz, <u>"Arguable Probable Cause": An Unwarranted Approach to Qualified Immunity</u>, 65 U. Miami L. Rev. 1159, 1189 (2011) (footnotes omitted) (citing David Rudovsky, <u>Running in Place: The Paradox of Expanding Rights and Restricted Remedies</u>, 2005 U. Ill. L. Rev. 1199, 1217-26 (2005)("Rudovsky"). "Given the fact that probable cause can be established on facts that show only a fair probability of criminal conduct ..., to permit 'arguable' probable cause to justify a search is to degrade the Fourth Amendment's protections to a very low level." Rudovsky, at 1222.  See OB 29-34, quoting *Walczyk v. Rio*, 496 F.3d 139, 166 (2d Cir. 2007) (Sotomayor, J., concurring) and *Rainsberger v. Benner*, 913 F.3d 640, 650, 652 (7th Cir. 2019) (Barrett, Amy Coney, J.).

As Mr. Morphew did in the Opening Brief (OB 34), all the arguments he makes about the lack of probable cause also apply to the notion of a lack of "arguable" probable cause. As he did in the Opening Brief, Mr. Morphew asks this Court to apply those arguments in the context of his response to Defendants' qualified immunity defense.

## VI. Absolute immunity does not apply to the prosecutor's administrative and investigatory functions

"[Absolute] immunity does not protect efforts to manufacture evidence that occur during the investigatory phase of a criminal case." *Hill v. City of New York*, 45 F.3d 653, 662 (2d Cir. 1995). See *Harris v. Tioga County*, No. 17-CV-932, 663 F.Supp.3d 212, 2023 WL 2604125, at *20 (N.D.N.Y. Mar. 23, 2023) (holding, at summary judgment, that the Tioga County District Attorney was not absolutely immune for the decision to initiate the prosecution of plaintiff where the record revealed he had participated in **"obtaining false witness statements and participating in the fabrication of material physical evidence for the purpose of obtaining probable cause"** (citing *Milstein v. Cooley*, 257 F.3d 1004, 1011 (9th Cir. 2001)); *accord McGhee v. Pottawattamie County*, 547 F.3d 922, 933 (8th Cir. 2008) ("[Absolute] immunity does not extend to the actions of a [prosecutor] who violates a person's substantive due process rights by obtaining, manufacturing, coercing[,] and fabricating evidence before filing formal charges, because this is not a distinctly prosecutorial function." (quotation marks omitted)).

Defendants argue that all their conduct was undertaken as advocates during the judicial phase. Mr. Morphew anticipated this argument and has addressed it in the Opening Brief and in the Complaint. Defendants Stanley and Lindsey are alleged to have been part of the investigation. See *Complaint*, App. 1, p. 46 ¶ 123 (alleging

they joined the investigation by January 2021). Plaintiff alleged that all actions alleged "were performed in an investigative and/or administrative phase of the case and not in their prosecutorial roles as an advocate for the state." *Id*., p. 28 ¶ 14. The context of the allegations in the Complaint are more than sufficient to warrant rejection of the absolute immunity defense at this stage of the proceeding.

Defendants fail to satisfy their burden to show conclusively that absolute immunity applies. See *Buckley v. Fitzsimmons*, 509 U.S. 259, 273 (1993) (Defendants bear the burden); *Burns v. Reed*, 500 U.S. 478, 486 (1991)(same). They do not overcome the presumption that absolute immunity is "typically resolved at the summary judgment stage rather than on a motion to dismiss." *Bledsoe v. Carreno*, 53 F.4th 589, 607 (10th Cir. 2022). *See Harris v. Tioga Cnty*., *supra*, 663 F.Supp.3d at 240.

## VII. This Court should not apply the Doctrines of Qualified and Absolute Immunity.

Plaintiff recognizes that this Court is bound by U.S. Supreme Court precedent. He preserves this claim for further review and urges this Court to reject the doctrines of qualified and absolute immunity.

## VIII. Plaintiff's state law claims.

Plaintiff does not disagree with the arguments made by Appellees but believes they are best addressed in the first instance by the district court. For the reasons

stated in the Opening Brief, Mr. Morphew requests that this Court, if it reverses the district court's ruling on any of the § 1983 claims, include in its order instructions that the district court should reach those claims.

## CONCLUSION

Therefore for the reasons stated herein and in the Opening Brief Mr. Morphew requests that this Court reverse the District Court's Dismissal of his complaint.

Dated: June 6, 2025

FISHER & BYRIALSEN PLLC

*/s/ Jane Fisher-Byrialsen*
Jane Fisher-Byrialsen, Esq.
4600 S. Syracuse St. 9th Floor
Denver, CO 80237
Telephone: 303-256-6345
Email: jane@fblaw.org

SAMLER & WHITSON, PC

*/s/ Hollis Whitson*
Hollis Whitson
Samler & Whitson, PC
1600 Stout Street, Suite 1400
Denver, CO 80202
Telephone: (303)670-0575
Email: hollis@samlerandwhitson.com

*Attorneys for Plaintiff-Appellant Barry Morphew*

## CERTIFICATE OF COMPLIANCE WITH WORD VOLUME LIMITATION

This brief complies with the type-volume limitation of Fed. Rules App. P. 5 and 32(a)(7)(B) because it contains **4230** words, excluding the parts of the brief exempted by Fed. R. App. P. 32(a)(7)(B)(i) and Local Rule 32.

This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because this brief has been prepared in a proportionally spaced typeface using Microsoft Word 2010 in 14 point Times New Roman typeface.

Dated: June 6, 2025.                    */s/ Jane Fisher-Byrialsen*
                                        Counsel for Plaintiff-Appellant

## CERTIFICATE OF DIGITAL SUBMISSION

I hereby certify that with respect to the foregoing:

(1)     All required privacy redactions have been made per 10th Cir. R. 25.5;

(2)     If required to file additional hard copies, that the ECF submission is an exact copy of those documents;

(3)     The digital submissions have been scanned for viruses with the most recent version of a commercial virus scanning program, Windows Defender, version Windows 11, updated June 5, 2025 and according to the program are free of viruses.

Dated: June 6, 2025.                    */s/ Abigail Clement*
                                        Paralegal

## CERTIFICATE OF SERVICE

I certify that on this 6th day of June, 2025, I electronically filed the foregoing **PLAINTIFF-APPELLANT'S REPLY BRIEF** via CM/ECF. All participants in this case are registered CM/ECF users and service will be accomplished by the CM/ECF System.

Dated: June 6, 2025.                    */s/ Abigail Clement*
                                        Paralegal