UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

**BARRY MORPHEW,**

v.  Case No. 24-1424

**CHAFFEE COUNTY, COLORADO ET. AL.**

_____

APPELLANT'S SUPPLEMENTAL BRIEF

AS ORDERED BY THE COURT

_____

Mr. Morphew, through counsel, submits the supplemental briefing as ordered by this Court. In its order of July 28, 2025, this Court directed supplemental briefs addressing:

> 1. Does the refiling of criminal charges impact the issues raised in this appeal such that the appeal should be abated until the criminal case is resolved?, and
>
> 2. If this court decides to proceed with argument in this appeal, what special measures relating to the conduct of oral argument, if any, should the court adopt?

## 1. Because criminal charges have been refiled, this Court should abate the appeal until the new criminal case is resolved.

**Summary**

Holding the appeal in abeyance until the refiled criminal charges ("the 2025 state criminal case") are resolved appears appropriate to ensure judicial efficiency and avoid prejudice to any of the parties. Abatement of the appeal would avoid parallel litigation – one case in the federal courts in this civil case concerning the 2021 criminal proceeding and the other in a Colorado state district court concerning the 2025 criminal proceeding -- over the issue of probable cause, which is central to many of Mr. Morphew claims. Holding the appeal in abeyance would avoid premature litigation and potentially conflicting judgments.

Cases regarding stays at the district court level, while not a strong fit for this Court's decision whether to abate an appeal, provide some guidance. The Constitution does not require a stay of district court civil proceedings pending the outcome of criminal proceedings. *Keating v. Office of Thrift Supervision,* 45 F.3d 322, 324 (9th Cir. 1995). Yet in a district court's exercise of discretion, such stays are warranted and granted under circumstances similar to those here. A district court "may decide in its discretion to stay civil proceedings ...'when the interests of justice seem[ ] to require such action.' " *Ibid*. (citations omitted).

**2**

**Analysis**

When criminal and civil cases involve the same conduct or subject matter, courts find good reasons to defer resolution of the civil proceedings until after resolution of the criminal proceedings. In a trial-level case, *Dennis v. City of Philadelphia*, 603 F.Supp.3d 214 (E.D. Pa. 2022) the court noted that the degree to which issues in simultaneous civil and criminal proceedings overlap is considered "the most important threshold issue" when determining whether or not to grant a stay in the district court." *Id.,* at 219. See also *Maloney v. Gordon*, 328 F.Supp.2d 508 (D. Delaware 2004), where the court found that significant factual overlap between the civil and criminal cases weighed heavily in favor of the district court granting a stay of the civil case.

Here, there is a substantial overlap. The refiled criminal charges are based on essentially the same evidence used in the previous prosecution, with the addition of newly discovered evidence related to the discovery of the victim's body. The 2025 Indictment contains the same charge for which Mr. Morphew was prosecuted in 2021. From what Plaintiff can tell, most of the investigative personnel sued for their conduct in the 2021 prosecution are also involved in the 2025 criminal prosecution (or their work is relied upon). This substantial overlap between the personnel, the issues and the facts alleged in the civil and criminal cases make an

abatement appropriate to avoid conflicting judgments, duplicative litigation, and prejudice to the parties.

The issue of probable cause is a significant area of overlap in most (but not all) of Plaintiffs claims and in the primary issues on appeal. The 2025 Grand Jury Indictment lists many of the same allegations made in the affidavit that prompted the original arrest that is at issue here. While the legal issue in this appeal concerns whether probable cause previously existed for the 2021 arrest affidavit and prosecution, there is substantial overlap with the grounds for probable cause set forth in the 2025 Indictment.

While it may be hypothetically possible to continue litigation on claims that do not have elements that might overlap with factual disputes that will be ongoing in the new state litigation, piecemeal litigation of such claims would likely be exceptionally cumbersome and constricted. This Court should abate the entire appeal and not attempt to dissect certain claims for different treatment.

In the civil rights complaint that is the subject of this appeal, Mr. Morphew asserts that in the warrant affidavit in the 2021 state criminal prosecution, the defendants knowingly or recklessly included false statements and fabricated evidence and that those falsehoods, fabrications and/or omitted exculpatory information were material to the probable cause determination. While probable cause in the new prosecution would not defeat his claim that the defendants

4

violated *Franks v. Delaware*, 438 U.S. 154 (1978) in the previous prosecution, there is an undeniable factual overlap for those claims.

Mr. Morphew faces a dilemma because he must choose between waiving his Fifth Amendment rights or forfeiting his civil claims. This concern has already become manifest as undersigned counsel have determined that these constraints prevent effective advocacy in this civil case at any oral argument. In addition, were Plaintiff to prevail in this appeal, any amended complaint providing greater detail as to the circumstances, as might be necessary to survive a motion to dismiss, would require Plaintiff and his attorneys to speak to circumstances closely intertwined with the new criminal charges against him.

An abatement of the civil proceedings would best protect Mr. Morphew's Fifth Amendment rights in connection with the new state criminal prosecution. This is an appropriate consideration for district courts deciding whether to stay a civil case, *Keating*, 45 F.3d at 324, and should be a concern for this Court. An abatement avoids the concern of all parties and the court that, in the event of a reversal of the district court or remand, civil discovery proceedings might conflict with the interests of the parties to the new criminal prosecution.[1]

---

[1] If Mr. Morphew prevails in this appeal, there is little doubt that the district court will be presented with motion(s) to stay future proceedings until after the 2025 criminal prosecution concludes.

**5**

Abatement of the civil appeal is in the interest of judicial economy. While this Court and the public have an interest in this case moving forward expeditiously, an abatement imposes only a slight burden. State criminal proceedings are time limited because of statutory and constitutional speedy trial restrictions. C.R.S., § 18-1-405 (1) (2025). In other words, an abatement of this appeal would not be indefinite.

Abatement would avoid the risk that this Court's rulings would interfere with the ongoing state criminal proceedings. *See Younger v. Harris*, 401 U.S. 37, 43–54 (1971). See also *Kelly v. Robinson*, 479 U.S. 36, 49 (1986) ("the States' interest in administering their criminal justice systems free from federal interference is one of the most powerful of the considerations that should influence a court considering equitable types of relief.").

Abatement of the appeal until resolution of the 2025 criminal prosecution would relieve the defendants of any risk of distraction. They prevailed in the district court and so are not subject to discovery obligations at this time.

The observation of Judge Eduardo Robreno about the value of a stay in the district court has persuasive force here: "Though the Court does have an interest in proceeding efficiently and expeditiously, there is a possibility that staying the case while the criminal prosecution is ongoing may preserve judicial resources in the long run." *Dennis v. City of Philadelphia, supra*, 603 F.Supp. 3d at 221.

**6**

## 2. Counsel's ethical obligations and Plaintiff's present jeopardy constrain counsel's ability to participate in an oral argument at this time.

Because of ethical responsibilities in the current context and circumstances, Mr. Morphew's counsel believe it would be imprudent for them to make any statements that could possibly be interpreted as relating to the present state criminal charges. The risk of making an inadvertent "judicial admission" or otherwise binding their client militates against making any statements.

Counsel have been unable to identify procedures that would relieve them of their ethical duty to refrain from making statements that might conceivably prejudice Mr. Morphew in the ongoing state criminal prosecution.

Dated: August 4, 2025.

*Counsel for Plaintiff-Appellant Barry Morphew:*

| | |
|---|---|
| **FISHER & BYRIALSEN, LLC** | **SAMLER AND WHITSON, PC** |
| */s/ Jane Fisher-Byrialsen* | */s/ Hollis A. Whitson* |
| Jane Fisher-Byrialsen | Hollis A. Whitson |
| FISHER & BYRIALSEN, LLC | SAMLER AND WHITSON, PC |
| 4600 S. Syracuse Street, 9th Floor | 1600 Stout Street |
| Denver, CO 80237 | Denver, CO 80202 |
| (202) 256-5664 | (303) 670-0575 |

## **CERTIFICATE OF SERVICE**

I certify that on this 4th day of August 2025, I filed the foregoing **PLAINTIFF-APPELLANT'S SUPPLEMENTAL BRIEF AS ORDERED BY THE COURT** via CM/ECF which will generate a notice and service on the following:

*/s/ Abby Clement*
Paralegal